NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2014
Decided April 11, 2014

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2172

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 356 - 1 |
| ALEX A. MELENDEZ, *Defendant-Appellant*. | Robert M. Dow, Jr., *Judge*. |

## O R D E R

Police, staking out a suspected drug house in Waukegan, Illinois, watched as cars arrived and then promptly departed after a man from the house had momentarily entered. Alex Melendez was driving one of those cars. Police officers followed him when he left the house, and after they stopped him, Melendez admitted that he had a brick of cocaine under his seat and produced a kilogram of the drug. The officers arrested Melendez, and he confessed to buying the same amount of cocaine nine times before from the same supplier. The supplier later was apprehended and corroborated that he had sold a kilogram of cocaine to Melendez five to ten times.

Melendez was charged with possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and he moved to suppress the cocaine found in his car. He argued that the officers did not have probable cause to stop him. At an evidentiary hearing, the district court heard testimony from two of the officers who followed Melendez after he left the drug house. Both said that they saw him switch lanes without signaling, which in Illinois is a traffic violation. *See* 625 ILCS 5/11-804(d). Melendez insisted that he did signal. The district court believed the officers, not Melendez, and concluded that the officers had probable cause to stop Melendez for the traffic infraction. After the court denied his motion to suppress, Melendez entered a conditional guilty plea, reserving the right to challenge on appeal the adverse ruling on his motion to suppress. *See* FED. R. CRIM. P. 11(a)(2).

At sentencing Melendez argued that the probation officer's calculation of his total offense level under the sentencing guidelines should be reduced for three reasons. First, he insisted that he was responsible only for the kilogram of cocaine that he had with him when he was arrested, not the additional nine kilograms that earlier he admitted buying (falsely, under police pressure, he now claimed). *See* U.S.S.G. § 1B1.3. According to Melendez, the supplier's corroborating statements were unreliable because he held a grudge against Melendez, who helped the police build a case against him. Second, Melendez claimed entitlement to a downward adjustment for acceptance of responsibility because he had pleaded guilty and met with the government several times to discuss further cooperation. *See id.* § 3E1.1. Third, this cooperation and his lack of prior convictions also qualified him for the "safety valve," Melendez argued. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

The district court rejected all three sentencing arguments. The court concluded that the prior drug deals actually did occur and that Melendez was "dissembling" by now denying them. The court calculated a total offense level of 32 and criminal-history category of I, yielding a guidelines imprisonment range of 121 to 151 months. The court ultimately imposed a 121-month term. The court also imposed a four-year term of supervised release.

Melendez filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *United States v. Bey*, No. 13-1163, slip op. at 4 (7th Cir. Apr. 10, 2014); *United*

*States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Melendez has not responded to our invitation to comment on his lawyer's submission. *See* CIR. R. 51(b). Counsel represents, however, that Melendez does not want to challenge his guilty plea, and thus the lawyer properly refrains from discussing the plea colloquy or the voluntariness of the plea. *See United Stats v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first explores whether Melendez could challenge the denial of his motion to suppress but correctly concludes that an appellate claim would be frivolous. Police may stop a car when they observe the driver violate traffic laws, *Whren v. United States*, 517 U.S. 806, 810 (1996), so review of the district court's ruling would hinge on the court's choice to believe the police officers that they saw Melendez change lanes without signaling. Credibility determinations like this one "can virtually never be clear error," *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985); *United States v. Biggs*, 491 F.3d 616, 621 n.1 (7th Cir. 2007); *United States v. Williams*, 209 F.3d 940, 943 (7th Cir. 2000), and we see no internal inconsistencies in the officers' testimony or contrary documentary evidence that would make Melendez's case exceptional.

Counsel also weighs three potential challenges to his sentencing but correctly concludes that each would be frivolous. First, counsel considers whether Melendez could challenge the district court's relevant-conduct finding that he trafficked ten kilograms of cocaine. Though Melendez recanted his admission of the earlier deals and argued that his supplier had reason to lie, sentencing judges are in a better position than we appellate judges to weigh conflicting evidence, consider the motive behind statements, and evaluate credibility. *See United States v. Bennett*, 461 F.3d 910, 913 (7th Cir. 2006); *United States v. Johnson*, 227 F.3d 807, 813–14 (7th Cir. 2000). We have no reason to second-guess the district court's resolution of this swearing match under the applicable clear-error standard of review. *See United States v. Sumner*, 325 F.3d 884, 890–91 (7th Cir. 2003).

Second, counsel mulls whether Melendez should have received a downward adjustment for acceptance of responsibility under § 3E1.1. But pleading guilty does not *entitle* a defendant to this downward adjustment. *United States v. Seidling*, 737 F.3d 1155, 1162 (7th Cir. 2013); *United States v. Panice*, 598 F.3d 426, 435 (7th Cir. 2010). Melendez changed his story and denied past drug deals that the district court found occurred; this lack of candor is inconsistent with a full acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n.1(A); *United States v. Martinez*, 169 F.3d 1049, 1056 (7th Cir. 1999).

Third, counsel tests whether there is any merit to the argument that Melendez's sentence should have been reduced under the "safety valve." But, again, the district judge found that Melendez was not candid about the prior drug deals, and that is enough to disqualify a defendant from enjoying the benefits of the safety valve. *See United States v. Acevedo-Fitz*, 739 F.3d 967, 970–71 (7th Cir. 2014); *United States v. Montes*, 381 F.3d 631, 637 (7th Cir. 2004); *United States v. Ponce*, 358 F.3d 466, 468–69 (7th Cir. 2004).

Finally, counsel considers whether Melendez could contend that his prison sentence is unreasonable. As counsel recognizes, we would presume Melendez's within-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and counsel has not identified any reason to disturb that presumption. Nor can we. The district court adequately evaluated the factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense (Melendez trafficked a large amount of cocaine), the need to provide Melendez treatment (drug-abuse treatment programs would be available in prison), and Melendez's history and characteristics (he lacked prior convictions despite "growing up in challenging circumstances"). Thus, we agree with counsel that a challenge to the reasonableness of the sentence would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.